** The Honorable Stephen Joseph Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

**Duane WHITMORE, Plaintiff-Appellant,**

v.

**M. DANTE, C.O.; et al., Defendants-Appellees.**

**No. 17-15305**

United States Court of Appeals, Ninth Circuit.

Submitted February 15, 2018 * San Francisco, California

Filed February 22, 2018

Travis Norman Barrick, Attorney, Gallian, Welker & Beckstrom, LC, Las Vegas, NV, for Plaintiff-Appellant

D. Randall Gilmer, Deputy Attorney General, AGNV—Office of the Nevada Attorney General (Las Vegas), Las Vegas, NV, for Defendants-Appellees

Before: HAWKINS and TALLMAN, Circuit Judges, and MURPHY,** District Judge.

### MEMORANDUM ***

Nevada state prisoner Duane Whitmore appeals from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional claims and the court's denial of his motion for reconsideration. We have jurisdiction under 28

U.S.C. § 1291, and review the grant of a motion for summary judgment de novo, *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015), and denial of a motion for reconsideration for an abuse of discretion, *Phelps v. Alameida*, 569 F.3d 1120, 1131 (9th Cir. 2009).

The district court properly granted summary judgment for defendants because Whitmore failed to raise a genuine dispute of material fact as to whether he properly exhausted his available administrative remedies as required by the Prison Litigation Reform Act, or whether administrative remedies were effectively unavailable. *See Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) ("[P]roper exhaustion of administrative remedies ... means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).") (internal citation omitted); *Williams*, 775 F.3d at 1191 (a prisoner who does not exhaust administrative remedies must show that "there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him"). Moreover, the PLRA's exhaustion language is mandatory. *See Ross v. Blake*, — U.S. —, 136 S.Ct. 1850, 1856, 195 L.Ed.2d 117 (2016).

Summary judgment for defendants was proper because Whitmore failed to raise a genuine dispute of material fact as to whether defendants' requirement that Whitmore file an amended grievance under the first grievance number made generally available administrative remedies effectively unavailable to him. Accordingly, the district court's denial of Whitmore's

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion for reconsideration was not an abuse of discretion.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.